# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James D. Wolosin,<br><br>                                  Plaintiff,<br>   vs.<br>SunTrust Mortgage, Inc.,<br><br>                                 Defendant. | CASE NO. 12cv00188-CAB (KSC)<br><br>Order Denying Defendant's Motion to Transfer<br>[DOC. NO. 4] |

Presently before the Court is Defendant SunTrust Mortgage, Inc.'s Motion to Transfer Venue For Convenience, which asks the Court to transfer this case to the Middle District of Florida "for the convenience of parties and witnesses." [Doc. No. 4.] For the reasons given below, SunTrust's motion is DENIED.[1]

On December 28, 2011, Plaintiff James D. Wolosin, a San Diego, California resident and licensed physician with strong contacts here, filed this action against Defendant SunTrust Mortgage, Inc. in the Superior Court of the State of California, County of San Diego, Central District. On January 23, 2012, the case was removed to this Court. [*See* Doc. No. 1.] In his Complaint, Plaintiff asserts five causes of action arising out of Defendant SunTrust's conduct related to disputed debt: 1) Violation of Fair Debt Collection Practices Act; 2) Violation of the Rosenthal Act; 3) Breach of the Duty of Good Faith and Fair Dealing; 4) Defamation; and 5) Violation of California Business and

---

[1] The Court GRANTS Defendant's Request for Judicial Notice [Doc. No. 4-2] as the documents presented are of public record.

Professions Code § 17200. In addition to this litigation, Wolosin is also one of several plaintiffs in a related action filed against lenders, including Defendant SunTrust, that is also managed by this Court. As pled in the Complaint, SunTrust is a financial services company that regularly does business in California, is registered as a business entity with the California Secretary of State, and maintains a primary business address in Richmond, Virginia. [Doc. No. 1-2 at ¶3.] In its motion to dismiss, Defendant SunTrust does not challenge personal jurisdiction.

Pursuant to 28 U.S.C. §1404, a district court may transfer any civil action "[f]or the convenience of parties and witnesses" to "any district or division where it might have been brought." In deciding whether to transfer venue, the Court considers the following nonexhaustive list of factors: 1) the district most familiar with the governing law; 2) Plaintiff's choice of district; 3) the parties' contacts with the district; 4) events in the chosen district related to the cause of action; 5) differences in cost of litigation between the two districts; 6) availability of compulsory process for nonparty witnesses; and 7) ease of access to sources of proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.2000). The defendants have the burden of demonstrating that transfer is appropriate, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-256 (1981), and "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

After considering these factors, the Court finds that Defendant fails to make a strong showing of inconvenience. Analyzing the *Jones* factors listed above, the Court finds that the first factor is the only factor that weighs in favor of transfer should the Court decide to apply Florida law to Plaintiff's non-federal claims. However, the second through fourth factors weigh in favor of Plaintiff. Plaintiff chose this forum. The parties have regular contacts with this district. Events related to this action took place in California, including but not limited to debt collection communications made to/from San Diego, California. [*See* Doc. No. 1-2, ¶¶10-18, 23-28 and Exs. 4-7, 9-12, 14, 16.] None of the conduct complained of is alleged (or argued) to have occurred in Florida.

The fifth through seventh *Jones* factors are neutral. Defendant fails to show that there are significant cost advantages associated with maintaining this suit in Florida, as opposed to California. Indeed, the costs of litigation are likely to be similar in either forum. Similarly, Defendant fails to

show that the compulsory process for nonparty witnesses weighs in favor of transfer. Neither Plaintiff nor Defendant has identified any unwilling nonparty witnesses. To the extant that witnesses to Plaintiff's property purchase are even relevant to Defendant's debt collection conduct, Plaintiff asserts that "the marketing of, negotiations for, and signing of the contract for the Subject Property all occurred in California." [*See* Doc. No. 11 at 5.] Finally, Defendant fails to convince the Court that there are significant sources of proof in Florida to warrant a transfer.

In its motion to dismiss, Defendant argues that the Court lacks jurisdiction to "hear claims concerning property that falls outside its territorial boundaries." [Doc. No. 5 at 7-8.] However, this action is not a local matter under Florida law because the Complaint neither involves the disposition of Florida property nor a determination of rights as to the Property. This case is about Defendant's alleged debt collection conduct that took place outside of Florida.

As described above, the Court finds that the one factor in favor of transfer fails to outweigh the other factors that weigh against transfer. Accordingly, having considered the parties' filings, the Court DENIES Defendant's Motion to Transfer [Doc. No. 4].

IT IS SO ORDERED.

DATED: June 11, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge